UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WILMA J. FOX,

*Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

No. 00-2497

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CA-99-707-5)

Argued: January 25, 2002

Decided: May 9, 2002

Before WILKINSON, Chief Judge, and WILKINS and
MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Michael G. Miskowiec, Charleston, West Virginia, for
Appellant. Lori Riye Karimoto, Assistant Regional Counsel, Office of
the General Counsel, SOCIAL SECURITY ADMINISTRATION,
Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** James A.
Winn, Chief Counsel, Region III, Patricia M. Smith, Deputy Chief
Counsel, Office of the General Counsel, SOCIAL SECURITY

ADMINISTRATION, Philadelphia, Pennsylvania; Rebecca A. Betts, United States Attorney, Kelly R. Curry, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Wilma J. Fox appeals from a district court order affirming the Social Security Commissioner's denial of her claim for Social Security disability benefits. Because we conclude that the Commissioner's decision is supported by substantial evidence, *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), we affirm the judgment of the district court.

### I.

Between 1980 and 1994 Fox worked mainly in the road construction industry. She suffered a back injury while doing construction work in 1993, and she was unable to continue in that line of work. Although Fox says that she intended eventually to return to construction work, she retrained to become a certified nursing assistant in late 1994 in an effort to find work that would be easier on her back. She worked intermittently in nursing assistant jobs from 1994 to 1996. Her back problems continued, however, and they eventually led her to stop working as a nursing assistant on April 20, 1996. After Fox's initial application for social security disability benefits was denied, her case proceeded to a hearing before an Administrative Law Judge (ALJ). In a decision dated August 27, 1998, the ALJ found that Fox was not disabled.

After reviewing the entire record (including medical notes from a variety of doctors) and considering testimony from Fox and an impar-

tial vocational expert, the ALJ found that Fox suffers from lumbosacral strain, depression, and borderline intellectual functioning. As a result, he found that Fox could no longer work in her past occupations and that she could not perform any other job that required "climbing, balancing, stooping, crouching, crawling, kneeling, more than occasional pushing and pulling, or work of more than a simple routine nature." Nevertheless, the ALJ concluded on the basis of the vocational expert's testimony that Fox was not disabled because she could still perform various kinds of light work, including work as a cashier or as a security guard. This decision represents the final decision of the Social Security Commissioner on Fox's claim.

Fox sought review of the Commissioner's decision in the United States District Court for the Southern District of West Virginia. The matter was referred to the magistrate judge, who recommended that the Commissioner's denial of disability benefits be affirmed. The district judge entered an order on September 27, 2000, accepting the magistrate judge's recommendation. Fox appeals.

## II.

We review the ALJ's decision using the same standards employed by the district court. We must uphold the ALJ's factual findings if they are supported by substantial evidence ("such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") and were reached through the application of correct legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig*, 76 F.3d at 589. Having had the benefit of oral argument and the parties' briefs, we agree with the district court that substantial evidence supports the ALJ's finding that Fox was not disabled. Accordingly, we affirm on the reasoning of the district court. *See Fox v. Apfel*, Civ. Action No. 5:99-0707 (S.D. W.Va. Sept. 27, 2000).

*AFFIRMED*